USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TSIG Consulting Inc.,

                     Plaintiff,

     -against-

ACP Consulting LLC, Barbara Pankoski,
and Henry Saunders,

                     Defendants.

14 Civ. 2032 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff TSIG Consulting Inc. ("TSIG"), a New York corporation based in Manhattan, brings this action against its former employees Barbara Pankoski and Henry Saunders and against ACP Consulting LLC, the allegedly competing business that Pankoski and Saunders organized. Defendants have now moved to dismiss the complaint for improper venue. Because plaintiff has failed to make a prima facie showing that "a substantial part of the events or omissions giving rise to [plaintiff's] claim[s] occurred" in the Southern District of New York, 28 U.S.C. § 1391(b)(2), defendants' motion is granted.

    I.    Background

    TSIG's verified complaint alleges ten causes of action that arise out of the allegedly faithless employees' breaches of a non-compete and non-disclosure agreement as follows: misappropriation of confidential information, unfair competition, misappropriation of trade secrets, breach of fiduciary duty, breach of contract, fraud, diversion of corporate opportunities, interference with prospective contract, conversion, and unjust enrichment. TSIG filed its complaint on March 24, 2014 and simultaneously moved by order to show cause for a preliminary injunction; it sought in the interim a temporary restraining order prohibiting defendants from operating a competitive business, soliciting TSIG's clients, and using TSIG's trade secrets and confidential information. After hearing from the parties in open court, the Court denied the request for a temporary restraining order and made plaintiff's motion for a

preliminary injunction returnable on April 8. In advance of that hearing, defendants filed this motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The Court heard oral argument on the motion to dismiss on April 8.

The facts relevant to the Court's determination of venue, drawn from plaintiff's verified complaint and assumed to be true, are as follows. TSIG is a New York corporation that provides technical facilities management programs, applications, and services to corporations, government entities, hospitals, and universities. Compl. ¶¶ 1, 7. Its principal place of business is in Manhattan. *Id.* ¶ 1. In October 2009, TSIG hired Pankoski and Saunders as Senior Compliance Specialists. *Id.* ¶¶ 10–11. Both Pankoski and Saunders worked primarily out of their homes in, respectively, Georgia and Tennessee. *Id.* ¶¶ 10–11. As a condition of their employment, they signed "Non-Compete & Non-Disclosure Confidential Information" agreements, which prohibited them from using or disclosing TSIG's confidential information and trade secrets, engaging in certain competitive business activities, and soliciting TSIG's clients for a period of time after termination of their employment with TSIG. *Id.* ¶¶ 12, 15–19.

On January 16, 2014 and February 14, 2014, respectively, Pankoski and Saunders resigned from TSIG. *Id.* ¶¶ 10–11. In mid-March, TSIG learned that Pankoski and Saunders—through their newly organized venture ACP Consulting LLC—had obtained business from the University of New Mexico, one of TSIG's clients. *Id.* ¶¶ 9, 24. TSIG alleges that defendants solicited that client and utilized TSIG's confidential information and trade secrets in obtaining the university's business in violation of the non-compete and non-disclosure agreements. *Id.* ¶¶ 24, 34–35, 58, 68, 79, 84.

## II. Applicable Law

28 U.S.C. § 1391(b)(2) supplies the applicable venue rule. That statute provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The U.S. Court of Appeals for the Second Circuit has clarified that section 1391(b)(2) "does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred," and it "contemplates that venue can be appropriate in more than one district." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir.

2005) (citations and internal quotation marks omitted). The statute does, however "limit the forums available to plaintiffs," because its purpose "is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* (emphasis in original) (citations and internal quotation marks omitted). Consequently, courts must "take seriously the adjective 'substantial'" and "construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citations omitted).

Courts in this circuit follow a two-part inquiry to determine whether venue under section 1391(b)(2) is proper:

> First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question.

*Daniel*, 428 F.3d at 432 (citations, internal quotation marks, and alterations omitted). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* at 433. The court must "focus on relevant activities of the defendant, not of the plaintiff." *Id.* at 432 (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)); *see also* 17 James Wm. Moore et al., *Moore's Federal Practice* ¶ 110.04[1] (3d ed. 2013).

### III. Analysis

Applying these legal standards here, venue is improper in the Southern District of New York. No party has requested discovery; no party has requested an evidentiary hearing on this motion; plaintiff has submitted no affidavits in support of its position. Therefore, TSIG need only make a prima facie showing of venue in its verified complaint in order to defeat defendants' motion. *See Gulf Ins. Co.*, 417 F.3d at 355 ("If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]. But if the court holds an evidentiary

hearing . . . the plaintiff must demonstrate [venue] by a preponderance of the evidence.") (alterations in original) (citations omitted). Plaintiff has failed to satisfy even this relatively low burden.

The ten causes of action that TSIG alleges are rooted in breach of contract, breach of fiduciary duties, and unfair business practices by defendants. Its claims essentially turn on defendants' alleged competition with TSIG through their formation of ACP Consulting LLC; their use of TSIG's confidential and proprietary information and trade secrets to compete with TSIG; and their solicitation of the University of New Mexico as a client and acceptance of its business. These actions, if they occurred in the Southern District of New York, would most certainly constitute a "substantial part of the events . . . giving rise to the claim[s]," 28 U.S.C. § 1391(b)(2), because they form the very gravamen of TSIG's claims for relief. *See Daniel*, 428 F.3d at 432; *Gulf Ins. Co.*, 417 F.3d at 357 (stating that acts "*material* to the plaintiff's claim" must have taken place in the forum) (emphasis in original).

Even reading the verified complaint charitably, it simply does not set forth sufficient facts to permit the Court to conclude that *any* of the relevant events took place in this district. Although the place where a contract was negotiated, signed, or performed may confer venue in a breach of contract case, *see Gulf Ins. Co.*, 417 F.3d at 357, TSIG's complaint does not assert that any of these activities occurred in the Southern District of New York. In fact, plaintiff concedes that Pankoski and Saunders signed their non-compete and non-disclosure agreements in Georgia and Tennessee. Pl's Mem. in Opp'n to Defs.' Mot. to Dismiss 3. More importantly, TSIG has not alleged that defendants *breached* the non-compete and non-disclosure agreements in this district. *See Insight Data Corp. v. First Bank Sys., Inc.*, 1998 WL 146689, at *3 (S.D.N.Y. Mar. 25, 1998) (finding venue improper because defendant's breach of the non-compete agreement did not occur in the forum). In fact, a fair reading of the complaint suggests only that defendants' allegedly wrongful acts occurred in Georgia, New Mexico, and Tennessee—where they organized ACP Consulting LLC, perform work for the University of New Mexico, and presumably conduct the day-to-day operations of their new business.

4

TSIG, at oral argument and in its memorandum in opposition to defendants' motion, argues that venue is proper because of Pankoski and Saunders's ties to TSIG, which is based in this district. They assert that Pankoski and Saunders accepted employment with TSIG and "regularly traveled to New York to attend meetings and service Plaintiff's New York based clients," Compl. ¶¶ 10–11; that they signed the non-compete and non-disclosure agreements with TSIG, id. ¶ 12; that they formed a competing business while employed by TSIG, id. ¶ 21; and that as a result of their actions, TSIG is being harmed in the Southern District, see id. ¶ 26. See also Pl's Mem. in Opp'n to Defs.' Mot. to Dismiss 3. None of these assertions are sufficient to support venue because they do not concern the actions of defendants that gave rise to the claims at issue. See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003). The fact that Pankoski and Saunders worked for a company that is based in this district and will suffer harm here, without more, says nothing about where defendants breached their obligations to that company. See id.; Open Solutions Imaging Systems, Inc. v. Horn, 2004 WL 1683158, at *6 (S.D.N.Y. July 27, 2004). Similarly, the fact that Pankoski and Saunders traveled to New York while employed by TSIG, Compl. ¶¶ 10–11, is not a sufficient basis for venue, absent some indication that those visits are material to TSIG's claims. See Jenkins Brick Co, 321 F.3d at 1372; Open Solutions Imaging Systems, Inc., 2004 WL 1683158, at *3, *6 (finding that former employee's attendance at quarterly sales meetings in the forum did not give rise to employer's cause of action for breach of a non-compete agreement). In sum, there are no factual allegations in the complaint that defendants breached their contracts or their duties in the Southern District of New York.

Finally, TSIG attempts to demonstrate a nexus between defendants' actions and its claims for relief through its lawyer's assertion at oral argument that Pankoski and Saunders had access to TSIG's confidential and proprietary information and trade secrets located in this district. Although the complaint does not specifically allege this fact, a generous reading could arguably support that inference. See Compl. ¶¶ 10–12, 28, 67, 79. But the fact that defendants may have obtained TSIG's confidential information in this district, while certainly "a link in the chain of events," simply does not constitute an event giving rise to plaintiff's claims that defendants misused that information. Open Solutions Imaging Sys., Inc.,

2004 WL 1683158, at *6. The conduct relevant to TSIG's claims is the *misuse* of its information, not defendants' receipt of it. See *id.*; see also *Daniel*, 428 F.3d at 433 (explaining that acts supporting venue must bear a "close nexus" to the claims).

In short, the verified complaint does not make out a prima facie showing that any of the events—much less a substantial part of the events—giving rise to TSIG's claims occurred in this district. Consequently, defendants' motion should be granted.

### IV.    Conclusion

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, no party has requested a transfer to another district. The Court grants defendants' motion and dismisses this action without prejudice to its being filed in a district where venue is proper.

Dated:  New York, New York
        April 9, 2014

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

6